CT
120 S. Central

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

BELLON, DONALD ETAL

       PLAINTIFF

          VS

TSA STORES INC

       DEFENDANT. . . AND

TSA STORES INC

       DEF/THIRD PARTY PLAINTIFF

          VS

HUFFY CORPORATION

       THIRD PARTY DEFENDANT

06CC-001407 I CV

CASE NUMBER

SB 10-7

## T H I R D - P A R T Y   S U M M O N S

THE STATE OF MISSOURI TO:   THIRD PARTY DEFENDANT   (1)

23 Trautwein
mp

    HUFFY CORPORATION
    CT CORPORATION SYSTEM - REG
    120 SOUTH CENTRAL AVENUE
    CLAYTON MO 63105

    YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE-NAMED COURT AND TO
FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED HERETO, AND TO
FILE YOUR PLEADING TO THE THIRD-PARTY PETITION, COPY OF WHICH IS ATTACHED
HERETO, AND TO SERVE A COPY OF EACH OF YOUR SAID PLEADINGS UPON ATTORNEY(S)
FOR PLAINTIFF, ATTORNEY(S) FOR DEFENDANT AND THIRD-PARTY PLAINTIFF(S), ALL
WITHIN 30 DAYS AFTER THE SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE
DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE THIRD-PARTY PETITION.

St Louis County Sheriff's Office
2006 SEP -8 PM 4:05
Received

SEP 11 2006

DATE ISSUED: SEPTEMBER 8, 2006

ATTORNEY:



COURTNEY BOGGS
412 BONHOMME AVE
ST LOUIS MO 63105

**JOAN M. GILMER**, Circuit Clerk

By _Janet Gallo_

Deputy Clerk          (JG)

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at least three business days in advance of the court proceeding.**

## NOTICE TO SHERIFF - DOCUMENTS TO BE SERVED WITH PETITION

☐ Certificate of Dissolution of Marriage    ☐ FC Filing Certificate

☐ Financial Statements    ☐ Motion/Affidavit for PDL

☐ Notice    ☐ Order of Appointment of Next Friend

☐ Temporary Restraining Order    ☐ Request for Production

☐ Interrogatories    ☐ Limited Entry of Appearance

☐ Other (Specify) _____    ☒ Notice of Parent Education Class/
         Mediation Services

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1) By delivering on the _____ day of _____ 200____ a copy of the summons, petition, and any documents checked above to the within-named defendant/respondent

_____

(2) By leaving on the _____ day of _____ 200____ for the within named defendant/respondent _____ a copy of the summons, petition, and any documents checked above at the dwelling place or usual place of abode of said defendant/respondent with some person of his or her family over the age of 15 years;

(3) By_____

_____

_____

All done in _____

Sheriff's fees:

Summons _____

Non est _____

Mileage _____

Total _____

**I hereby certify that on this date SEP 13 2006
in St. Louis County, at 120 S. Central Ave., I served
a copy of the within on the defendant named by
delivering a copy to CT CORP., THE CORP. CO.,
the registered agent of the defendant, by leaving
copy with E. Love E. King. Meehan,_____.**

Jim Buckles
Sheriff, St. Louis County    by: _R. ____
                 Deputy Sheriff

Sheriff of _____ County, Missouri

By _____
     Deputy Sheriff

## CERTIFICATE OF MAILING

I certify that on the _____ day of _____ 200___, I mailed a copy of the summons, petition and any documents checked above to defendant/respondent by (registered) (certified) mail, requesting a return receipt signed by the addressee only, to the defendant/respondent at the address furnished by plaintiff(s)/petitioner(s).

**JOAN M. GILMER, Circuit Clerk**

Date _____    By _____
                                         Deputy Clerk

## IMPORTANT NOTICE TO NON- MISSOURI SHERIFF
## A special return with instruction is attached for your use.

F:\LOK_data\967\002\Counterclaim.wpd\WJT\sb

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

2006 SEP 12  PM 3: 38

JOAN M. GILMER
CIRCUIT CLERK

| | | | |
|---|---|---|---|
| DONALD D. BELLON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Cause No.: | 06CC-001407 I CV |
| v. | ) | | |
| | ) | Division: | 20 |
| TSA STORES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## TSA STORES, INC.'S COUNTERCLAIM AGAINST PLAINTIFF DONALD D. BELLON

COMES NOW Defendant, TSA STORES, INC., by and through its attorneys, BETH C.
BOGGS and BOGGS, BOGGS & BATES, L.L.C., pursuant to Rule 55.32, Missouri Rules of
Civil Procedure, and for its Counterclaim against Plaintiff Donald D. Bellon, states as follows:

1.      Plaintiff, Donald D. Bellon, filed his Petition against TSA Stores, Inc. on April
4, 2005, alleging that TSA Stores, Inc. is strictly liable for the death of Mary Carol Bellon
(hereinafter "Decedent") due to alleged defects in a basketball goal pole that TSA Stores, Inc.
allegedly sold.

2.      Plaintiff has alleged that the subject basket ball pole broke fractured when
Decedent placed her hands and weight upon it, that the pole fell upon her person, and that
Decedent was killed as a result. Petition, ¶10.

3.      Defendant TSA Stores, Inc. denies that it is liable to Plaintiff.

4.      Upon information and belief, the pole may have fractured as a result of
Decedent swinging from the same, the fracture point in the pole was located in its base at or
below ground level, and the fracture may have been caused, in whole or in part, by rust and
corrosion of the pole.

5.      Upon information and belief, the pole was packaged and sold to Plaintiff with materials directing the installer of the pole to place a graduated derm around the perimeter of the base of the pole in order to allow for water drainage and to prevent corrosion caused by continued exposure to water.

6.      Upon information and belief, Plaintiff installed the pole, and in doing so, he failed to place a graduated derm around the perimeter of the base of the pole as directed by the accompanying installation instructions.

7.      Defendant TSA Stores, Inc. submits that Plaintiff's claimed damages, if any, were caused or directly contributed to by his own negligence, in one or more of the following respects:

> a.      Plaintiff was negligent in failing to read and/or abide by the installation instructions accompanying the subject basketball goal pole;
>
> b.      Plaintiff was negligent in failing to place a graduated derm around the perimeter of the base of the pole as directed by the installation instructions accompanying the subject basketball goal pole;
>
> c.      Plaintiff was negligent in failing to regularly inspect the integrity of the subject basketball goal pole.

8.      In the event that Defendant TSA Stores, Inc. is found liable to Plaintiff, Defendant TSA Stores, Inc. is entitled to contribution from Plaintiff in an amount proportionate to the relative degree of fault of Plaintiff.

WHEREFORE, Defendant TSA Stores, Inc. prays that if Plaintiff recovers a judgment against it, that it Defendant TSA Stores, Inc. be granted a judgment against Plaintiff for

-2-

contribution in an amount proportionate to the fault of Plaintiff, and for such other and further

relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**TSA STORES, INC.**

By: _Beth Boggs_
Beth C. Boggs, #43089

BOGGS, BOGGS & BATES, L.L.C.
7912 Bonhomme Avenue, Suite 400
St. Louis, MO 63105
(314) 726-2310 PHONE
(314) 726-2360 FAX
E-Mail: bbblawyers@AOL.com
**Attorneys for Defendant**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded this
_6_ day of September, 2006, to:

| | |
|---|---|
| Mr. Theodore H. Hoffman | Mr. Adam M. Goffstein |
| Mr. Steven M. Gelfman | Adam M. Goffstein, LLC |
| Hoffman & Gelfman Attorneys, P.C. | Attorney at Law |
| Attorneys at Law | 7777 Bonhomme Avenue, Suite 1920 |
| 133 South 11th Street, Suite 310 | St. Louis, MO 63105 |
| St. Louis, MO 63102-1135 | (314) 725-5151 PHONE |
| (314) 241-1020 PHONE | (314) 725-5161 FAX |
| (314) 241-1023 FAX | **Attorney for Plaintiff** |
| **Attorneys for Plaintiff** | |

-3-

STATE OF MISSOURI    )
                        ) SS.
COUNTY OF ST. LOUIS   )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| DONALD BELLON, ) | |
| ) | |
|     Plaintiff, ) | Cause No. **20** |
| ) | |
| -vs- ) | Division No. |
| ) | |
| TSA STORES, INC., ) | |
| Serve: CT Corporation Systems, ) | |
|       120 South Central Avenue ) | WRONGFUL DEATH |
|       Clayton, MO 63105, ) | |
| ) | DEMAND FOR JURY TRIAL |
|     Defendant. ) | |

## PETITION

Comes now plaintiff, Donald Bellon, and for his cause of action against defendant, TSA STORES, INC., states as follows:

1. That plaintiff is the surviving spouse of Mary Carol Bellon, deceased.

2. That this suit is being brought and prosecuted by virtue of Sections 537.080, 537.090 and 537.095 Revised Statutes of the State of Missouri, as amended.

3. Plaintiff Donald Bellon states that Mary Carol Bellon died on November 28, 2004 and this suit is being brought within the time prescribed by statute.

4. That defendant TSA Stores, Inc. was at all times mentioned a corporation organized and existing by virtue of law and conducts its business under the name of Sports Authority.



5.  That at all times mentioned this defendant conducted a business of selling to the public various merchandise used in the field of sports including the basketball pole referred to herein.

6.  That the basketball pole referred to was placed into commerce by this defendant through retail sale.

7.  That said basketball pole was in substantially the same condition when sold and placed into commerce by defendant as at the time of the injuries suffered by Mary Carol Bellon.

8.  That at the time Mary Carol Bellon suffered her injuries and resulting death, the basketball pole was being used in the manner for the purpose for which it was intended.

9.  That prior to the event of November 27, 2004 hereafter referred to, said basketball pole had been secured in an upright position at the premises located at 7324 Westmoreland, St. Louis County, Missouri.

10.  That on November 27, 2004 at the above premises, deceased, Mary Carol Bellon, placed her hands and weight onto said basketball pole and as a result of same, said pole fractured and fell upon her person all the direct result of defendant's strict liability in tort as hereinafter described and as a result thereof Mary Carol Bellon suffered injuries directly causing her death.

11.  That the basketball pole was in a defective and unreasonably dangerous condition and unsafe to the class of reasonably foreseeable users to which Mary Carol Bellon belonged and as a result thereof defendant is strictly liable in tort for the injuries and death suffered by Mary Carol Bellon.

2

12. Plaintiff states that said basketball pole was unreasonably dangerous and defective at the time of its placement in commerce by this defendant in the following respects, to-wit:

a) That said pole lacked adequate corrosion resistant materials.

b) That said pole was built with insufficient thickness to provide a reasonably extended life.

c) That said pole was of insufficient thickness to allow for corrosion.

d) That said pole lacked adequate and sufficient coating in the design and construction of same.

e) That said pole lacked sufficient thickness to support the integrity of same.

f) That defendant failed to provide adequate instructions and warnings regarding the corrosion of said pole and the risks associated with same.

13. That as a direct result of defendant's strict liability in tort Mary Carol Bellon suffered injuries to her person directly resulting in her death and as a result thereof, plaintiff suffered pecuniary damage and did incur expenses associated with funeral and burial costs and further did incur expenses for medical care and treatment of Mary Carol Bellon associated with the injuries referred to above and this plaintiff was further deprived of her services, consortium, companionship, comfort and console of his deceased spouse.

WHEREFORE, plaintiff prays judgment against defendant for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate plaintiff for injuries and damages suffered together with costs expended herein, and for such further orders as the Court deems just and proper.

3

HOFFMAN & GELFMAN
ATTORNEYS, P.C.


_____
Theodore H. Hoffman #15652
Steven M. Gelfman #48207
133 South 11th Street, Suite 310
St. Louis, MO 63102-1135
(314) 241-1020
(314) 241-1023  (facsimile)


ADAM M. GOFFSTEIN, L.L.C.


_____
Adam M. Goffstein #45611
7777 Bonhomme Avenue, Suite 1920
St. Louis, MO 63105
(314) 725-5151
(314) 725-5161 (facsimile)

Attorneys for Plaintiff

4

F:\LOK_data\967\002\TPPHuffy.wpd\BCB\sb

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

DONALD D. BELLON,                           )
                                            )
        Plaintiff,                          )
                                            )   Cause No.:   06CC-001407 I CV
v.                                          )
                                            )   Division:    20
TSA STORES, INC.,                           )
                                            )
        Defendant/Third Party Plaintiff,    )
v.                                          )
                                            )
HUFFY CORPORATION                           )
                                            )
Serve at:     CT Corporation System        )
              120 South Central Avenue      )
              Clayton, MO 63105             )
                                            )
        Third Party Defendant.              )

### <u>TSA STORES, INC.'S THIRD PARTY PETITION AGAINST HUFFY CORPORATION</u>

COMES NOW Defendant/Third Party Plaintiff, TSA STORES, INC., by and through its

attorneys, BETH C. BOGGS and BOGGS, BOGGS & BATES, L.L.C., and for its Third Party

Petition against Huffy Corporation, states as follows:

1.      Plaintiff, Donald Bellon, filed his Petition against TSA Stores, Inc. on April 4,

2005, alleging that TSA Stores, Inc. is strictly liable for the death of Mary Carol Bellon due to

alleged defects in a basketball goal pole that TSA Stores, Inc. allegedly sold. Plaintiff's Petition

is attached hereto as Exhibit A and incorporated herein by reference.

2.      TSA Stores, Inc. denies that it is liable to Plaintiff.

3.      Third Party Defendant Huffy Corporation manufactured the subject basketball

pole goal.

4.   Third Party Defendant Huffy Corporation, as the product manufacturer, was negligent in the manufacture and design of the subject basketball pole goal, and is strictly liable for defects in the same, in that:

> a)  The pole lacked adequate corrosion resistant materials;
>
> b) The pole was built with insufficient thickness to provide a reasonably extended life;
>
> c)  The pole was of insufficient thickness to allow for corrosion;
>
> d) The pole lacked adequate and sufficient coating in the design and construction of the same;
>
> e) The pole lacked sufficient thickness to support the integrity of the same;
>
> f) The pole was not accompanied with adequate instructions and warnings regarding the corrosion of said pole and the risks associated with the same.

5.   Plaintiff's alleged damages and the death of Mary Carol Bellon were proximately caused by the defects, negligence and omissions of Third Party Defendant Huffy Corporation, as set forth in Paragraph 4 above.

6.   Defendant/Third Party Plaintiff TSA Stores, Inc. is entitled to contribution from Third Party Defendant Huffy Corporation in an amount proportionate to the fault of Third Party Defendant Huffy Corporation.

WHEREFORE, Defendant/Third Party Plaintiff TSA Stores, Inc., respectfully requests that if judgment is entered against it and in favor of Plaintiff, that this Court enter a judgment against Third Party Defendant Huffy Corporation for contribution in an amount proportionate to the fault of Third Party Defendant Huffy Corporation, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**TSA STORES, INC.**

By: _Beth Boggs_
       Beth C. Boggs #43089

BOGGS, BOGGS & BATES, L.L.C.
7912 Bonhomme Avenue, Suite 400
St. Louis, MO 63105
(314) 726-2310 PHONE
(314) 726-2360 FAX
E-Mail: bbblawyers@AOL.com
**Attorneys for Defendant**

-3-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was forwarded this _2_ day of _Aug_____, 2006, to:

Mr. Theodore H. Hoffman
Mr. Steven M. Gelfman
Hoffman & Gelfman Attorneys, P.C.
Attorneys at Law
133 South 11th Street, Suite 310
St. Louis, MO 63102-1135
(314) 241-1020 PHONE
(314) 241-1023 FAX
**Attorneys for Plaintiff**

Mr. Adam M. Goffstein
Adam M. Goffstein, LLC
Attorney at Law
7777 Bonhomme Avenue, Suite 1920
St. Louis, MO 63105
(314) 725-5151 PHONE
(314) 725-5161 FAX
**Attorney for Plaintiff**

-4-

STATE OF MISSOURI      )
                       ) SS.
COUNTY OF ST. LOUIS    )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

DONALD BELLON,                    )
                                 )
            Plaintiff,            )
                                 )       Cause No.
-vs-                             )
                                 )       Division No.
TSA STORES, INC.,                )
Serve:  CT Corporation Systems,  )
        120 South Central Avenue )       WRONGFUL DEATH
        Clayton, MO  63105,      )
                                 )       DEMAND FOR JURY TRIAL
            Defendant.           )

## PETITION

Comes now plaintiff, Donald Bellon, and for his cause of action against

defendant, TSA STORES, INC., states as follows:

1. That plaintiff is the surviving spouse of Mary Carol Bellon, deceased.

2. That this suit is being brought and prosecuted by virtue of Sections 537.080,

537.090 and 537.095 Revised Statutes of the State of Missouri, as amended.

3. Plaintiff Donald Bellon states that Mary Carol Bellon died on November 28,

2004 and this suit is being brought within the time prescribed by statute.

4. That defendant TSA Stores, Inc. was at all times mentioned a corporation

organized and existing by virtue of law and conducts its business under the name of

Sports Authority.



5. That at all times mentioned this defendant conducted a business of selling to the public various merchandise used in the field of sports including the basketball pole referred to herein.

6. That the basketball pole referred to was placed into commerce by this defendant through retail sale.

7. That said basketball pole was in substantially the same condition when sold and placed into commerce by defendant as at the time of the injuries suffered by Mary Carol Bellon.

8. That at the time Mary Carol Bellon suffered her injuries and resulting death, the basketball pole was being used in the manner for the purpose for which it was intended.

9. That prior to the event of November 27, 2004 hereafter referred to, said basketball pole had been secured in an upright position at the premises located at 7324 Westmoreland, St. Louis County, Missouri.

10. That on November 27, 2004 at the above premises, deceased, Mary Carol Bellon, placed her hands and weight onto said basketball pole and as a result of same, said pole fractured and fell upon her person all the direct result of defendant's strict liability in tort as hereinafter described and as a result thereof Mary Carol Bellon suffered injuries directly causing her death.

11. That the basketball pole was in a defective and unreasonably dangerous condition and unsafe to the class of reasonably foreseeable users to which Mary Carol Bellon belonged and as a result thereof defendant is strictly liable in tort for the injuries and death suffered by Mary Carol Bellon.

2

12.  Plaintiff states that said basketball pole was unreasonably dangerous and defective at the time of its placement in commerce by this defendant in the following respects, to-wit:

a)  That said pole lacked adequate corrosion resistant materials.

b)  That said pole was built with insufficient thickness to provide a reasonably extended life.

c)  That said pole was of insufficient thickness to allow for corrosion.

d)  That said pole lacked adequate and sufficient coating in the design and construction of same.

e)  That said pole lacked sufficient thickness to support the integrity of same.

f)  That defendant failed to provide adequate instructions and warnings regarding the corrosion of said pole and the risks associated with same.

13.  That as a direct result of defendant's strict liability in tort Mary Carol Bellon suffered injuries to her person directly resulting in her death and as a result thereof, plaintiff suffered pecuniary damage and did incur expenses associated with funeral and burial costs and further did incur expenses for medical care and treatment of Mary Carol Bellon associated with the injuries referred to above and this plaintiff was further deprived of her services, consortium, companionship, comfort and console of his deceased spouse.

WHEREFORE, plaintiff prays judgment against defendant for such sum which is fair and reasonable in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) to compensate plaintiff for injuries and damages suffered together with costs expended herein, and for such further orders as the Court deems just and proper.

3

HOFFMAN & GELFMAN
ATTORNEYS, P.C.

_____
Theodore H. Hoffman  #15652
Steven M. Gelfman  #48207
133 South 11th Street, Suite 310
St. Louis, MO  63102-1135
(314) 241-1020
(314) 241-1023  (facsimile)


ADAM M. GOFFSTEIN, L.L.C.

_____
Adam M. Goffstein  #45611
7777 Bonhomme Avenue, Suite 1920
St. Louis, MO  63105
(314) 725-5151
(314) 725-5161 (facsimile)

Attorneys for Plaintiff

4

In the
# CIRCUIT COURT
## of St. Louis County, Missouri

Donald D. Bellon
_____
Plaintiff(s)

vs.

T S A Stores, Inc.
_____
Defendant(s)

Date: 9/6/06

Case Number: 06CC-14071CV

Division: 20

For File Stamp Only

FILED
SEP 0 6 2006
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## ORDER

Defendant's Motion for Leave to File Third Party Complaint and Motion for Leave to File Counterclaim was called, heard and sustained. Leave is hereby granted to file Third Party Complaint and Counterclaim, and summons is ordered to issue on Third Party Complaint. Plaintiff objects not.

**SO ORDERED**

_____
Judge

**ENTERED:** 9-6-06
(Date)

CCOPR47   Rev. 5/95

Attorney                                      Bar No. 48038
7912 Bonhomme, Ste 400
Address
for Δ TSA Stores, Inc

Phone No.                                     Fax No.
A GOTTSTEIN   Atty for Π   45611
Attorney                                      Bar No.
7777 Bonhomme Ave Suite 1910
Address
                                              725-5151
Phone No.                                     Fax No.

In the
# CIRCUIT COURT
## of St. Louis County, Missouri

DONALD D. BELLON
_____
Plaintiff(s)

vs.

TSA STORES, INC.
_____
Defendant(s) /Third Party Plaintiff

v.

HUFFY CORPORATION, Third Party Defendant

8/8/06
_____
Date

06CC-001407 I CV
_____
Case Number

20
_____
Division

For File Stamp Only

FILED

AUG 2 3 2006

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

L

# SUBPOENA FOR TAKING DEPOSITION
[FOR USE PURSUANT TO RULE 57.09 IN AN ACTION PENDING IN THE CIRCUIT COURT OF ST. LOUIS COUNTY]

THE STATE OF MISSOURI to:    University City Police Department
_____

Attn:  Custodian of Records
_____

Captain Jackson
_____

6801  Delmar Blvd., St. Louis, MO  63130

YOU ARE HEREBY COMMANDED TO APPEAR at the following place on the date and at the time indicated below:

Place of deposition:    _____

_____

_____

Date of deposition:    Tuesday, August 22, 2006
_____

Time of deposition:    10:00 a.m.
_____

☐  To give testimony in the above cause pending in the Circuit Court of St. Louis County.

☒  To produce the following books, papers, documents, or tangible things:  Copies of any
and all photographs related to or referenced in the University City Police
Department Report, #04-42527, specifically those photographs taken by Detective
Jennifer McClain, Badge 400.

\*\*\* In lieu of appearing for
deposition, you may forward the records
to Douglas B. Keane, Attorney for
Defendant TSA Stores, Inc., prior to the
deposition.

WITNESS, Joan M. Gilmer, Clerk of the Circuit
Court, with the seal thereof hereto affixed, at
Clayton, in the County of St. Louis, this 10th
day of _____August_____, 200 6 .

_Joan M. Gilmer_

**JOAN M. GILMER**, Circuit Clerk

**SPECIAL NEEDS:**  If you have special needs addressed by the Americans with Disabilities Act,
please notify the party in whose office you are to appear for the deposition.

CCCDT37  Rev 02/00

F:\LOK_data\967\002\NOD-COR.wpd\DBK/tb

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

**FILED**

DONALD D. BELLON,                  )
                                   )          AUG 2 3 2006
          Plaintiff,               )
                                   )          JOAN M. GILMER
                                   )  Cause No. CIRCUIT CLERK, ST. LOUIS COUNTY
v.                                 )
                                   )  Division:    20
TSA STORES, INC.,                  )
                                   )
          Defendant/Third Party Plaintiff,  )
v.                                 )
                                   )
HUFFY CORPORATION,                 )
                                   )
          Third Party Defendant.   )

## NOTICE OF DEPOSITION BY SUBPOENA

To:    Counsel of Record

          YOU ARE HEREBY NOTIFIED THAT pursuant to the provisions of the Missouri Rules of Civil Procedure, the deposition of the **Custodian of Records of the University City Police Department,** is to be taken before a Court Reporter at the hour of **10 a.m.** on **Tuesday, August 22, 2006**, at the University City Police Department, 6801 Delmar Blvd., St. Louis, MO 63130.

          Respectfully submitted,

          **TSA STORES, INC.**

          By: _Beth Boggs_
               Beth C. Boggs #43089

BOGGS, BOGGS & BATES, L.L.C.
7912 Bonhomme Avenue, Suite 400
St. Louis, MO 63105
(314) 726-2310 PHONE
(314) 726-2360 FAX
E-Mail: bbblawyers@AOL.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded this _10th_ day of August, 2006, to:

Mr. Theodore H. Hoffman
Mr. Steven M. Gelfman
Hoffman & Gelfman Attorneys, P.C.
Attorneys at Law
133 South 11th Street, Suite 310
St. Louis, MO 63102-1135
(314) 241-1020 PHONE
(314) 241-1023 FAX
**Attorneys for Plaintiff**

Mr. Adam M. Goffstein
Adam M. Goffstein, LLC
Attorney at Law
7777 Bonhomme Avenue, Suite 1920
St. Louis, MO 63105
(314) 725-5151 PHONE
(314) 725-5161 FAX
**Attorney for Plaintiff**

cc:     University City Police Department
         Attn:  Custodian of Records
         Captain Jackson
         6801 Delmar Blvd.
         St. Louis, MO 63130

         Miles Reporting
         1339 North 17th Street, Ste. 102
         Belleville, IL 62226
         (618) 235-2633 - Phone
         (618) 235-2641 - Fax
         **Court Reporter**

-2-

**UNIVERSITY CITY POLICE DEPARTMENT**
LAW ENFORCEMENT OFFENSE / INCIDENT REPORT

| | 2.OFFICER INJURED YES () NO (x) | 3.PROCESSED BY | 4.CODE 85 | 5.REPORT FOR 85 | 6.PAGE 1 OF 2 | 7.REPORT NUMBER 04-42527 |
|---|---|---|---|---|---|---|
| 8.TYPE OF INCIDENT *Accidental Injury* 13.ORIGINALLY RECEIVED AS **Accidental Injury** | | 9.SICC | 10.UCR CODE 2015 | 11. HOW COMPLAINT RECEIVED (x) RADIO () PHONE () ON VIEW () CITIZEN () STATION | 14.OTHER UNITS NOTIFIED (DSN AND UNIT) | 12. ARRIVAL TIME 2258 |

| 15.DAY, DATE, TIME OF OCCURRENCE Saturday, 11/27/2004, 2250 hours | 16.DAY, DATE, TIME REPORTED Sat. 11/27/04, 2253 hours | 17.STATUS (x) ACTIVE () CLEARED BY ARREST () INACTIVE () UNFOUNDED () EXCEPTIONALLY CLEARED |
|---|---|---|

| 18.LOCATION OF OCCURRENCE - STREET ADDRESS / APARTMENT COMPLEX / HOTEL 7324 Westmoreland University City, MO 63130 | 19. UNIT NUMBER 23 | 20.DISTRICT 4 | 21. GEO CODE 207.0 |
|---|---|---|---|

| 22.TYPE OF PREMISES [DRUGSTORE, GARAGE, ETC.] Private Driveway | 23.POINT OF ENTRY | 24. P.O.E. VISIBLE TO PATROL YES() NO () |
|---|---|---|

| 25.METHOD OF ENTRY | 26.TOOLS USED | 27.POINT OF EXIT | 28.WEAPONS / OBJECTS USED OR DISPLAYED |
|---|---|---|---|

| 29. VICTIM [IF FIRM, NAME AND TYPE OF BUSINESS] MULTIPLE VICTIMS () **Bellon, Mary Carol** | 30.RESIDENCE ADDRESS 7324 Westmoreland University City, Mo 63130 | 31.RES. PHONE 314-725-2848 |
|---|---|---|
| | 32.BUSINESS ADDRESS 900 S. Vandeventer Ave. St. Louis, MO | 33.BUS. PHONE 314-436-0036 |

| VICTIMS PEDIGREE | 34.RACE W | 35.GENDER F | 36.AGE 56 | 37.DATE OF BIRTH 01/14/1948 | 38.PLACE OF BIRTH St. Louis, MO | 39.OCCUPATION Chief Financial Officer | 40.MARTIAL STATUS Married |
|---|---|---|---|---|---|---|---|
| 41.VICTIM CONVEYED TO Barnes- Jewish Hospital | 42.VICTIM CONVEYED BY U-City Ambulance | | | 43. HOSPITAL DISPOSITION: () LEFT () TREATED & RELEASED | (x) ADMITTED () D.O.A. | 44.INJURIES: () FATAL (x) EVIDENT (x) DISABLING | () NOT APPARENT () UNKNOWN |

| CODES: | 1.REPORTING PARTY 2.PERSON SECURING PREMISES | 3.WITNESS 4.OWNER | 5.TITLE HOLDER 6.PERSON DISCOVERING CRIME | 7.LAST PERSON IN POSSESSION 8.GUARDIAN | 9.PARENT 10.INSURANCE |
|---|---|---|---|---|---|

| 45.CODE | 46.NAME [LAST NAME FIRST] | 47.ADDRESS | 48.PHONE NUMBER |
|---|---|---|---|
| 45A. | 46A. | 47A.RESIDENCE 7324 Westmoreland University City, Mo 63130 | 48A. 314-725-2848 |
| 1,3 | **Bellon, Donald J.** | BUSINESS 900 S. Vandeventer St. Louis, MO | |
| 45B. | 46B. | 47B.RESIDENCE | 48B. |
| | | BUSINESS | |
| 45C. | 46C. INSURANCE AGENT INSURANCE COMPANY | 47C.BUSINESS BUSINESS | 48C. |

| VEHICLE CODE: | 1.STOLEN | 2.USED | 3.WANTED | 4.HELD AS EVIDENCE | 5.VICTIMS VEHICLE | 6.RECOVERED | 7.BICYCLE | 8.TOWED |
|---|---|---|---|---|---|---|---|---|
| 49. CODE | 50.YEAR | 51.MAKE | 52.MODEL | 53.STYLE | 54.TYPE | 55.COLOR | 56.I.D. NUMBER | |

| 57.LICENSE CODE | 58.STATE | 59.YEAR | 60.PLATES MISSING YES() NO() | 61.KEYS IN VEHICLE YES() NO() UNK() | 62.DOORS LOCKED YES() NO() | 63.VALUE | 64.REFERENCE NUMBER |
|---|---|---|---|---|---|---|---|

| PROPERTY CODES | A-CURRENCY NOTES B -JEWELRY/PRECIOUS METALS | C-CLOTHING, FURS D-DAMAGED PROPERTY | E-OFFICE EQUIPMENT F-TV, RADIO, CAMERAS | G-FIREARMS H-HOUSEHOLD | I-CONSUMABLES J-LIVE STOCK | K-MISC L-TOOLS |
|---|---|---|---|---|---|---|
| 65.CODE | 66.QUANTITY | 67.PROPERTY DESCRIPTION: BRAND NAME, SERIAL NUMBER, MODEL/STYLE, OPERATOR ID# | 68.VALUE | 69.RECOVERED | 70.REFERENCE # | |

| 71.NARRATIVE **"SEE CONTINUATION"** | 72.TOTAL | 73.TOTAL | 74. OPERATION IDENT |
|---|---|---|---|

| 75.SUBMITTED BY OFFICER/DSN #331 | 76.DATE 11/27/2004 | 77.MSG# | 78.SUPERVISORS INITIALS | 79. REVIEWING OFFICER/DSN |
|---|---|---|---|---|

04-42527 - Mary Bellon - Victim

1

## University City PD

| 04-42527 | | Victim |
|---|---|---|

### Name

| | | | | | |
|---|---|---|---|---|---|
| Surname | Bellon | | | | |
| Given 1 | Mary | Given 2 | | Given 3 | |
| Alias | | | | Maiden/Nee | |
| Home Ph# | 314-862-7452 | Business Ph# | | Ext | |
| DOB | 01/14/1948 | Sex | Male | Marital Status | Married |
| Apparent Age (If DOB Unknown) | | Race | White | SSN# | 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 |
| DL# | | DL Prov./State | | ☐ Commercial DL | |
| Place of Employment | | | Occupation | | |

### Address

7324 Westmoreland
University City, MO
63130

### Person Descriptors

| | | | |
|---|---|---|---|
| Photo: | | | |
| Height | | Weight | Build |
| Ethnicity | | Complexion | |
| Hair Color | | Hair Length | Hair Style |
| Facial Hair | | Teeth | |
| Speech | | R-L Handed | |
| Eye Color | | Eye Appearance | ☐ Glasses |
| Place of Birth | | | |
| ○ Resident | ○ Non-Resident | Country of Citizenship | |
| Arrest# | | LID# | |
| FP# | | Ref# | |
| Marks, scars, outstanding features | | | |
| Tattoos | | Physical/Mental Condition | |
| NCIC Caution | ☐ Violent  ☐ Mental ☐ Escape Risk ☐ Suicidal | Sobriety | ☐ Sober ☐ HBD ☐ Intox ☐ Drugs |

| IF ADDITIONAL SPACE IS NEEDED USE ANOTHER CONTINUATION FORM | | | | | |
|---|---|---|---|---|---|
| 1. DEPARTMENT REPORTING **UNIVERSITY CITY POLICE D.  ARTMENT** | FORM NO F-9L **CONTINUATION** | | 2. DEF | IT FILE NUMBER **04-42527** | |
| 3. DATE OF THIS REPORT **11/27/2004** | DETAILS STOLEN PROPERTY PERSONS WANTED-ARRESTED-VICTIM-WITNESS | | 4. PAGE **2** | OF **2** | PAGES |
| 5. VICTIM OR COMPLAINANT **Bellon, Mary Carol** | | 6. PLACE OF OCCURRENCE **7324 Westmoreland University City, MO 63130** | | | |

I responded to 7324 Westmoreland for a report of an accidental injury. Upon arrival I observed the victim, Mary J. Bellon, lying on her right side on the driveway 1-2 feet behind a parked vehicle . The back of the vehicle was just a few feet south of the rear door of the home. The vehicle was positioned behind Mary Bellon. In front of her, about 1 foot away, was a basketball pole with the rim and backboard attached. There was a small pool of blood under Bellon's head and no blood anywhere else near the scene. I observed a concave area on the left side of Bellon's forehead that was roughly the same width and shape as the basketball pole's width. Mrs. Bellon's eyes were closed. Mrs. Bellon was moaning but she was not able to answer questions.

Donald Bellon and his neighbor, who stated he was a doctor, were kneeling over Mrs. Bellon. With the assistance of the neighbor, I moved the basketball pole out of the driveway to make room for the paramedics and the stretcher. The pole was made of steel and was about 10 feet long and weighed roughly 150 - 200 lbs.

When the paramedics arrived, I asked Mr. Bellon what had happened. He told me that he and Mrs. Bellon had just returned from dining out. Mrs. Bellon had exited the vehicle and used the pole to steady herself. He stated that the pole was rusted at the bottom and broke off when she put her weight on it. As the pole fell she lost her balance and fell as well. The pole struck Ms. Bellon on the forehead at the same time her head hit the concrete driveway. Mr. Bellon stated that he had moved the pole off of her and went inside to call the ambulance.

I did observe rust around the bottom of the pole.

The paramedics placed Mrs. Bellon on the stretcher and took her to the ambulance. She was then transported to Barnes-Jewish Hospital for treatment.

#04-42527 Occurrence Repo__                                               1

---

## University City PD

04-42527                                                          General Occurrence

|  |  |
|---|---|
| Dist/Div | Bureau of Field Operations |
| Patrol Area/Zone | 2070 |
| Complaint Type | 3400 - Accidental Injury |
| Incident Type | |
| Date and Time Reported | 11/27/2004 10:52 PM |
| How Committed | |
| Means (Weapons, Tools Used) | |

### Date and Time Committed

| On or From | 11/27/2004 10:52 PM | To | |
|---|---|---|---|

### Address

7324 Westmoreland
University City

### Statistics

### UCR - Not Reportable

|  |  |
|---|---|
| Incident Type | |
| Special Report Type: | |
| Comments (Cross refs and notes) | |

### Occurrence Synopsis

On 12/01/04 I was contacted by Sgt. Berryman who notified me that on Saturday, November 27, 2004 University City Police and Fire Department responded to 7324 Westmoreland for an accidental injury. The victim, Mary Bellon was struck by a basketball pole and transported to Barnes-Jewish Hospital for treatment. Sgt. Berryman received a call from St. Louis City Medical Examiner's office and was informed the victim, Mary Bellon had died on 11/28/04 from her injuries.

I contacted St. Louis City Medical Examiner's office and spoke with Randy Hayes and he informed he that Mary Bellon had died as a result of the basketball pole falling on top of her. Hayes said the cause of death was blunt trauma to her head.

On 12/01/04 I responded to the victim's residence and met with her husband, Donald Bellon and I informed him the reason for my visit. Bellon and I sat in his living room while I was asking him about the incident that happened on 11/27/04. Bellon stated he and his wife, son, and another couple went to dinner at Space. Bellon said they went to dinner around 8:00 PM and returned home around 10:30 PM. Bellon said during dinner they had a conversation about people dancing on poles. Bellon said his wife told him that she would be able to dance on poles with no problem. Bellon said they all told his wife that she could not dance on poles and that it was not her personality to dance on poles. Bellon said when they arrived home after dinner they pulled into the back of their driveway and parked. Bellon said there were a couple of

## University City PD

| 04-42527 | | Witness |
|---|---|---|

### Name

| Surname | Bellon | | | | |
|---|---|---|---|---|---|
| Given 1 | Donald | Given 2 | | Given 3 | |
| Alias | | | | Maiden/Nee | |
| Home Ph# | 314-862-7452 | Business Ph# | | Ext | |
| DOB | | Sex | Male | Marital Status | Widowed |
| Apparent Age (If DOB Unknown) | | Race | | SSN# | |
| DL# | | DL Prov./State | | ☐ Commercial DL | |
| Place of Employment | Bellon Wrecking and Salvage Company | | | Occupation | Owner |

### Address

7324 Westmorland
University City, MO
63130

### Person Descriptors

| Photo: | | | | | |
|---|---|---|---|---|---|
| Height | | Weight | | Build | |
| Ethnicity | | Complexion | | | |
| Hair Color | | Hair Length | | Hair Style | |
| Facial Hair | | Teeth | | | |
| Speech | | R-L Handed | | | |
| Eye Color | | Eye Appearance | | ☐ Glasses | |
| Place of Birth | | | | | |
| ○ Resident   ○ Non-Resident | | Country of Citizenship | | | |
| Arrest# | | LID# | | | |
| FP# | | Ref# | | | |
| Marks, scars, outstanding features | | | | | |
| Tattoos | | Physical/Mental Condition | | | |
| NCIC Caution | ☒ Violent  ☒ Mental ☐ Escape Risk ☐ Suicidal | Sobriety | | ☐ Sober ☐ HBD ☐ Intox ☐ Drugs | |

#04-42527 Occurrence Report                                                                      2

vehicles already parked in the driveway.  Bellon said he drove home from the restaurant.  Bellon said when they arrived home both of them got out of the car.  Bellon said his wife pointed out to him that there was a pole and pointed to the basketball pole.  Bellon said his wife said, "Look I can dance on a pole."  Bellon said he was standing about fifteen feet away from his wife at this time.  Bellon said his wife grabbed onto the pole and swung around the pole on full time with her feet not touching the ground.  Bellon said after she swung one full time around the pole, the pole "snapped" and his wife fell to the ground and the pole fell on top of her.  Bellon said it happened so quickly that he was not able to help his wife.  Bellon said after the pole fell on his wife he went to see if she o.k. and she saw that she was not so he call 911 and requested an ambulance because his wife was injured.  Bellon said after he called 911, he called his neighbor, Dr. Greco.  Bellon said he called Dr. Greco because he was a doctor and he might have known what to do.  Bellon said he was the only one home.  Bellon said Dr. Greco responded before the police and ambulance arrived.  Bellon said Dr. Greco was helping his wife but he was not sure exactly what he was doing.  Bellon stated he does not remember a lot from that night since it was such a dramatic night.  Bellon stated the police and ambulance then arrived.  Bellon stated the paramedics attended to his wife and then conveyed her to the ambulance.  Bellon said the ambulance took his wife to the hospital and he drove himself to the hospital.  Bellon said he was not sure but he thinks he helped move the basketball pole from the driveway to the grassy area with the help from Dr. Greco and Officer Queen.

Bellon said on November 28, 2004 in the early morning his wife died from her injuries.

Bellon said on Monday, November 29, 2004 his brother's company, Bellon Environmental came over to his house and took away the basketball pole because he did not want his family to see the pole.  Bellon said the pole is probably in a dumpster somewhere.  Bellon provided me with his brother's telephone number (314-890-8600 ext. 20).

Bellon then escorted me outside in the backyard where the incident occurred.  Bellon said he had some guys come over to his house the other day and power washed the driveway because there was a lot of blood.  Bellon pointed to the driveway that there had been two vehicles parked in the driveway, one just south of where the basketball pole was standing and one just east of where the basketball pole was standing.  Bellon showed me the stump of where the basketball pole was implanted in the ground.  Bellon said the guys he hired to power wash the driveway also power washed the stump of where the basketball pole was.  I saw rust marks in the concrete of the base of the pole.  Bellon stated he put up the basketball hoop himself back in the early 90's.  Bellon said he was thinking about taking it down a couple of months ago but his son got a free basketball so he kept it up thinking his son was going to play basketball.  I took photographs of the driveway and the stump from the basketball pole.  Later, at the station I later downloaded them onto the computer.

Bellon also pointed to me that Dr. Greco lives at 7355 Westmoreland.

I attempted to make contact with Paul Bellon at Bellon Environmental but I had to leave him a message asking him to contact me.

Further investigation to follow.

## Investigation Status and Disposition

| | |
|---|---|
| Status | Report Pending |
| Disposition - Cleared By | Unsolved |
| Clearance Date | |
| Juvenile Protected Report? | ○ Yes  ● No |

## Reporting Officer

| | |
|---|---|
| Officer | Jennifer McClain |
| Rank | Detective |
| Dist/Div | BOI |

Badge  400

Dept/Platoon

#04-42527 Occurrence Report

3

**Assigned To**

| Officer | | | |
|---|---|---|---|
| Rank | | Badge | |
| Dist/Div | | Dept/Platoon | |

**Assignment History**

**Approving Officer**

| Officer | David Berryman | | |
|---|---|---|---|
| Rank | Sergeant | Badge | 339 |
| Dist/Div | BOI | Dept/Platoon | |

**Final Approval**

*Entered By: Lonny Creamer on 12/02/2004 10:09 AM*

#04-42527 Supplementary · Accidental Death, Saturday, 11/27/04, 7324 Westmoreland, D-4, 207.0                    1

## University City PD

04-42527                                                                  Supplementary Report

| | |
|---|---|
| Subject   Accidental Death, Saturday, 11/27/04, 7324 Westmoreland, D-4, 207.0<br>Victim: Mary Bellon, 7324 Westmoreland, 314-862-7452 | Date & Time   02/04/2005 04:55 PM |

*Supplementary Information*

**In reference to the original report I spoke with Medical examiner, Dr. Graham and he stated he had a conference with Dr. Paul Santiago, Neurosurgeon at Barnes-Jewish Hospital. Dr. Graham stated they reviewed Mary Bellon's medical records including the CAT Scans. Dr. Graham stated Dr. Paul Santiago stated Bellon's injuries were consistent with what Donald Bellon (Mary Bellon's husband) said happened to his wife. Dr. Graham stated at this time there is nothing suspicious with Mary Bellon's death.**

| Reporting Officer | | |
|---|---|---|
| Officer | Jennifer McClain | *Jc McClain, 400* |
| Rank | Detective | Badge   400 |
| Dist/Div | BOI | Dept/Platoon |

| Approving Officer | | |
|---|---|---|
| Officer | David Berryman | *Sgt. D. Berryman 339* |
| Rank | Sergeant | Badge   339 |
| Dist/Div | BOI | Dept/Platoon |

**Final Approval**

New

*Entered By: Jennifer McClain/UCity PD on 02/04/2005 05:19 PM*

BOI  Record Number  *16880*

## CASE SCREENING/ASSIGNMENT FORM

Type of incident  *Accidental Death*                    Report Number *04-42527*

| YES | NO | | YES | NO | |
|-----|----|---|-----|----|---|
| | | Will victim prosecute? | | | Is stolen property traceable? |
| | | Was there a witness to crime? | | | Is there a significant MO? |
| | | Can suspect be described, named or located? | | | Is there significant physical evidence ? |
| | | Can suspect's vehicle be described? | | | Follow up by Bureau of investigation? |

### Assignment Section

*McClain 400*          *12,08,04*        *01,08,05*           *DAB339*
Case assigned to (Last Name & DSN)      Date Assigned      Return Due By      Assigned By (Initials & DSN)

REMARKS /ACTION TAKEN (additional information learned during investigation documents etc.)

**ORIGINAL-Police Officer responded to the victim's residence for an accidental injury. Victim taken to the hospital and later died. Victim's husband stated his wife was swinging around the pole and is collapsed on top of her.**
**Supplement-Medical Examiner reviewed the victim's medical records and did not find anything suspicious with the victim's injuries that caused her death.**

Assisting Investigators *LEMONS, Hall*          Total Time Spent  *650*  Minutes

Warrant(s) Issued: _____YES _____ NO   Juvenile Referral? _____No _____Yes
*Family* Victim Contact Informatin:
*12/1* Date First Contacted *12/1* Date Last Contacted _____Unable to make contact  Letter sent  YES  NO

Submitted by: *J. McClain, 400*        *02.04.05*
Last Name &DSN         Date

DISPOSTION SECTION: (Completed by Supervisor)

Cleared     Inactive     (Unfounded)     Initials &DSN *DAB339*       Date *2/4/05*