UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BELLON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06CV01504 ERW |
| TSA STORES, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Lift Stay [doc. #34]. A hearing was held on July 24, 2009, and the Court heard arguments from the Parties on this Motion.

Defendant Huffy commenced a Chapter 11 proceeding in the United States Bankruptcy Court for the Southern District of Ohio on October 20, 2004. As a result, this action has been stayed for several years. Plaintiff asserts that he has been prejudiced by this lengthy stay.

As a result of the prejudice Plaintiff has incurred due to this delay, the Court previously granted Plaintiff limited discovery into the basketball goal. As a result of that discovery, Plaintiff learned that Defendant Huffy denies being the manufacturer of the basketball pole at issue. The limited discovery also disclosed that Defendant Huffy sold the portion of its business involving these products to Russell Corporation in 2004. Defendant Huffy stated that the documents and information Plaintiff seeks are all in the possession of Russell Corporation.

Plaintiff now asks the Court to lift the bankruptcy stay again. Plaintiff asks that the Court lift the automatic stay pursuant to 11 U.S.C. § 362(d) so that Plaintiff can ensure that the correct

parties are Defendants in this action before the statute of limitations passes for bringing claims against other manufacturers.

A petition for bankruptcy will operate as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding]." 11 U.S.C. § 362(a). However, while "the scope fo the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 109 (3d Cir. 1997). As a result, the bankruptcy stay does not prevent Plaintiff from seeking discovery from Defendant TSA Stores, Inc. or third parties to this action. Plaintiff indicates that additional information is needed from Defendant Huffy to assist Plaintiff in locating the appropriate records and individuals at Russell Corporation. As a result, the Court will permit Plaintiff to conduct the limited discovery he seeks from Defendant Huffy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay [doc. #34]is **GRANTED, in part** and **DENIED, in part.** The stay shall be partially lifted so that Plaintiff may conduct one deposition. Within fifteen (15) days Defendant Huffy shall identify a representative to be deposed by Plaintiff concerning whether Defendant Huffy manufactured the pole, how Defendant Huffy's records were transferred to Russell Corporation, and who at Russell Corporation will likely have the information Plaintiff seeks.

Dated this 24th Day of July, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE