UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BELLON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:06CV01504 ERW |
| TSA STORES, INC., | ) |
| Defendant / Third-Party Plaintiff, | ) |
| vs. | ) |
| HUFFY CORPORATION, | ) |
| Defendant / Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant / Third-Party Defendant Huffy Corporation's Motion to Dismiss TSA Stores, Inc.'s Petition for Common Law Contribution [doc. #49] and Defendant / Third-Party Plaintiff TSA Stores, Inc.'s Motion for Leave to File First Amended Third-Party Complaint [doc. #57].

### I. PROCEDURAL BACKGROUND

On April 4, 2006, Plaintiff Donald Bellon ("Plaintiff") filed this suit in the Circuit Court of St. Louis County, Missouri against Defendant / Third-Party Plaintiff TSA Stores, Inc. ("TSA"), asserting a wrongful death claim arising out of fatal injuries suffered by his wife on November 27, 2004 – injuries allegedly caused by a product purchased from TSA and manufactured by Defendant / Third-Party Defendant Huffy Corporation ("Huffy"). TSA filed a third-party petition against Huffy in the Circuit Court for common-law contribution, and Huffy responded by removing the suit to this Court on October 13, 2006.

Before Plaintiff filed the Circuit Court suit against TSA, Huffy and its related entities commenced a Chapter 11 Bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of Ohio on October 20, 2004. As a result, following removal, the Court granted Huffy's Motion to Stay these proceedings pending the Bankruptcy Court's ruling on Huffy's Motion to Enforce Confirmation Injunction and Discharge against TSA Stores, Inc. Then, on December 1, 2009, the Court approved a settlement between Plaintiff and Huffy over TSA's objection. Huffy now seeks dismissal of TSA's common-law contribution claim based on the settlement agreement, and TSA requests leave to amend its Third-Party Complaint to assert a contractual indemnity claim against Huffy pursuant to the indemnity clause of a contract between the parties ("the Vendor Agreement"). Plaintiff's wrongful death claim against TSA remains pending before the Court.

## II.    HUFFY'S MOTION TO DISMISS

As noted above, the Court approved a confidential settlement between Huffy and Plaintiff of Plaintiff's wrongful death claim on December 1, 2009. The parties agree that Missouri law governs Plaintiff's claims and the effect of the settlement agreement, and pursuant to Mo. Rev. Stat. § 537.060, "[w]hen an agreement by release . . . is given in good faith to one or more persons liable in tort for the same injury or wrongful death . . . . [t]he agreement shall discharge the tort-feasor to whom it is given from all liability for contribution or noncontractual indemnity to any other tort-feasor." Referring to § 537.060, the settlement agreement specifically set forth the Court's conclusions that the agreement was entered into in good faith and that it discharged Huffy from liability for contribution and noncontractual indemnity claims by any other tort-feasors. As such, the Court agrees with Huffy that TSA's claim for common-law contribution must be dismissed.

2

## III. TSA'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TSA contends that irrespective of how the Court rules on Huffy's Motion to Dismiss TSA's common-law contribution claim, the Court should permit TSA to file an amended third-party complaint against Huffy asserting a right to contractual indemnity based on the terms of the Vendor Agreement. On January 20, 2010, however, the Bankruptcy Court, in a detailed and carefully-considered opinion, concluded that TSA's contractual indemnity claim arose before Huffy filed its Chapter 11 petition, and that TSA's claim was therefore discharged according to the terms of that court's confirmation order because TSA failed to file a proof of claim for indemnification. *See In re Huffy Corp.*, 424 B.R. 295, 306 (Bankr. S.D. Ohio 2010). Based on that conclusion, the Bankruptcy Court granted Huffy's Motion to Enforce Confirmation Injunction and Discharge against TSA Stores, Inc. and specifically ordered that TSA is "enjoin[ed] . . . from continuing the prosecution of its third party petition against Huffy in the Bellon litigation." *See id.* TSA has failed to offer any reason as to why this Court should not abide by the terms of the Bankruptcy Court's Order, and the Court therefore concludes that TSA's request for leave to add this contractual indemnity claim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant / Third-Party Defendant Huffy Corporation's Motion to Dismiss TSA Stores, Inc.'s Petition for Common Law Contribution [doc. #49] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant / Third-Party Plaintiff TSA Stores, Inc.'s Motion for Leave to File First Amended Third-Party Complaint [doc. #57] is **DENIED**.

Dated this <u>23rd</u> Day of <u>June,</u> <u>2010</u>.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE